UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PETER ZONIS,

                            Plaintiff,

                    -against-

LIZZIE GRUBMAN; HOWARD LORBER;
NEIL SROKA,

                           Defendants.

20-CV-7181 (JMF)

ORDER OF SERVICE

---

JESSE M. FURMAN, United States District Judge:

      Plaintiff, appearing *pro se*, brings this action invoking the Court's federal question jurisdiction and asserting claims for infringement in violation of the Copyright Act. Plaintiff also asserts state law claims. By order dated September 8, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

## DISCUSSION

      Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

      Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d

56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Lizzie Grubman, Howard Lorber, and Neil Sroka through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Lizzie Grubman, Howard Lorber, and Neil Sroka and deliver to the U.S. Marshals Service all documents necessary to effect service.

SO ORDERED.

Dated:   October 2, 2020
         New York, New York

                                          _____
                                                 JESSE M. FURMAN
                                             United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Lizzie Grubman
   Lizzie Grubman Public Relations
   424 W 33rd Street
   New York, NY 10001 ·

2. Howard Lorber
   Douglas Elliman Realty, LLC
   575 Madison Avenue
   New York, NY 10022

3. Neil Sroka
   Douglas Elliman Realty, LLC
   575 Madison Avenue
   New York, NY 10022