UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
PETER ZONIS, :
:
Plaintiff, :
: 20-CV-7181 (JMF)
-v- :
: MEMORANDUM OPINION
LIZZIE GRUBMAN et al., : AND ORDER
:
Defendants. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff Peter Zonis, a professional artist proceeding without counsel, brings this action against Lizzie Grubman, Howard Lorber, Neal Sroka,[1] and Douglas Elliman Realty, LLC. Zonis's 123-page Complaint is confusing and many of the attachments to the Complaint are hard to read or altogether illegible. *See* ECF No. 2 ("Compl.").[2] But its central allegations are that Grubman hired Zonis to re-create fifteen to twenty of his oil-on-paper paintings on canvas, for use in high-end real estate properties owned by Lorber, Sroka, and Douglas Elliman Realty and then refused to pay him. *Id*. at 8-9. Later, Zonis learned that photographs of his work alongside certain of his celebrity clientele were being offered for sale on the internet; he blames Defendants and alleges that they have wrongly profited from sales of his work. *Id*. at 10. Liberally construed, he appears to bring copyright infringement claims and contract claims. *See id.* at 2 (claiming federal question jurisdiction under 28 U.S.C. § 1331 based on "infringement

---

[1] Plaintiff's Complaint names "Neil Sroka," but Defendants clarify that his name is spelled "Neal." *See* ECF No. 35, at 6 n.1. The Clerk of Court is directed to correct the docket.

[2] References to page numbers in the Complaint are to the page numbers automatically generated by the Court's ECF system.

upon rights to copyright"); *id.* (stating that Zonis alleges "breach of contract, cruel and harsh treatment after losing business through mental cruelty"); *see also, e.g.*, *Williams v. Corr. Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) (holding that courts must interpret a *pro se* complaint "to raise the strongest claim[s] that it suggests" (internal quotation marks omitted)). Defendants now move, pursuant to Rule 12(b) and (c) of the Federal Rules of Civil Procedure, to dismiss. *See* ECF Nos. 33, 35, 63, 64.

The Court begins with the sole federal claim in the Complaint: for copyright infringement. To state a copyright infringement claim, a plaintiff must allege facts suggesting the "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Significantly, although registration with the United States Copyright Office is not required to obtain copyright protection, *see* 17 U.S.C. § 408(a), registration *is* required to bring an infringement action in federal court, *see id.* § 411(a) ("No civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."). That is, barring certain exceptions not applicable here, copyright registration is a condition that a plaintiff "must satisfy before filing an infringement claim and invoking the [Copyright] Act's remedial provisions." *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 158 (2010); *see also, e.g.*, *Durham Indus. Inc. v. Tomy Corp.*, 630 F.2d 905, 908 (2d Cir. 1980) ("Before asking a court to consider the question of infringement, a party must demonstrate the existence and validity of its copyright."). What is more, the failure to register a copyright in advance of filing a lawsuit cannot be cured through amendment and thus requires dismissal. *See, e.g.*, *Iantosca v. Elie Tahari, Ltd.*, No. 19-CV-04527 (MKV), 2020 WL 5603538, at *3 (S.D.N.Y. Sept. 18, 2020)

(citing *Malibu Media, LLC v. Doe*, 18-CV-10956 (JMF), 2019 WL 1454317, at *2-3 (S.D.N.Y. Apr. 2, 2019)).

The foregoing principles doom Zonis's copyright claim. The Complaint does not allege, as it must, that the works at issue were registered with the U.S. Copyright Office. In his first opposition to Defendants' principal motion to dismiss, Zonis does assert that "he has been copyrighted as Peter Zonis Art, Peter Zonis Artist and Peter Zonis since 2003." ECF No. 40 ("Pl.'s Opp'n"), at 2-3.[3] In addition, he claims that documents attached to his opposition "prove[]" his "copyright/ownership." *Id*. at 2-4; *see also id.* at 7-13. But the attachments demonstrate only that Zonis has registered certain website domains with GoDaddy.com and perhaps another domain provider. *See id*. at 7-13. Notably, he does not allege — in his Complaint or, for that matter, in his opposition papers — that any of the *works* at issue here were registered before the lawsuit was filed. That failure, without more, mandates dismissal of Zonis's copyright infringement claim. *See, e.g.*, *Iantosca*, 2020 WL 5603538, at *3; *Malibu Media, LLC v. Baker*, No. 18-CV-3263 (JGK) (BCM), 2020 WL 3978302, at *4 (S.D.N.Y. June 18, 2020) (citing cases), *report and recommendation adopted*, No. 18-CV-3263, ECF No. 54; *Malibu Media*, 2019 WL 1454317, at *2-3.

That leaves only state-law claims — principally for breach of contract, though perhaps for quasi-contract and fraud as well. *See* Compl. 2, 7; *see also id.* at 44-58 (attaching to the Complaint a draft, typed complaint, presumably prepared by an attorney, to be filed in New York state court, alleging breach of contract, breach of implied contract, promissory estoppel, and fraud). Pursuant to Title 28, United States Code Section 1367, a district court has discretion over

---

[3] References to page numbers in this document are to the page numbers automatically generated by the Court's ECF system.

whether to exercise jurisdiction over state-law claims "that are so related to claims in the action within original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Supreme Court and the Second Circuit have made clear, however, that, as a general rule, "when the federal claims are dismissed, the state claims should be dismissed as well." *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998) (per curiam) (internal quotation marks omitted); *see also Bright Kids NYC Inc. v. Kelly*, No. 19-CV-1175 (JMF), 2021 WL 3931876, at *2 (S.D.N.Y. Sept. 2, 2021). Here, there is no basis to depart from that general rule. Given the relatively early stage of the case and the predominance of state law claims over federal, the traditional "values of judicial economy, convenience, fairness and comity" that the Court must consider do not counsel in favor of exercising jurisdiction. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Accordingly, Zonis's state-law claims are dismissed without prejudice to refiling in state court. *See* 28 U.S.C. § 1367(c).

Although leave to amend a complaint should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), "it is within the sound discretion of the district court to grant or deny leave to amend," *Gayle v. Home Box Off., Inc.*, No. 17-CV-5867 (JMF), 2018 WL 2059657, at *4 (S.D.N.Y. May 1, 2018). Here, leave to amend is not warranted because, as noted, the failure to register a copyright cannot be cured after a lawsuit has been filed. *See Malibu Media*, 2019 WL 1454317, at *2-3. That is, because the problem with Zonis's claim is "substantive[,] . . . better pleading will not cure it." *Gayle*, 2018 WL 2059657, at *4 (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). In addition, Zonis has already been given an opportunity to amend his Complaint in response to Defendants' motion to dismiss and failed to do so. ECF Nos. 34, 39. And finally, Zonis "has not requested permission to file a[n] Amended Complaint,

nor has he given any indication that he is in possession of facts that would cure the problems identified in the instant motion to dismiss." *Gayle*, 2018 WL 2059657, at *4 (cleaned up). Accordingly, the Court denies leave to amend the Complaint.

For the foregoing reasons, Defendants' motions to dismiss are GRANTED. The Clerk of Court is directed to terminate ECF Nos. 33 and 63, to enter judgment in favor of Defendants, to close the case, and to mail a copy of this Memorandum Opinion and Order to Zonis.

SO ORDERED.

Dated: February 28, 2022
       New York, New York

_____
                     JESSE M. FURMAN
                     United States District Judge